1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10

COLLINS SYLVESTER WILLIAMS JR,

CASE NO. C14-5500 RBL-JRC

11

Plaintiff,

12

v.

ORDER TO FILE AN AMENDED
COMPLAINT

13

WASHINGTON CORRECTIONS
CENTER.

14

Defendant.

15

16      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17    Magistrate Judge J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A)

18    and (B), and local Magistrate Judge Rules MJR3 and MJR4.

19      In his proposed complaint plaintiff names the Washington Corrections Center as

20    defendant.  Dkt. 1.  This entity cannot be sued in a federal civil rights action for damages.

21      Neither states nor state officials acting in their official capacities are "persons" for

22    purposes of 42 U.S.C. § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

23    Section 1983 claims against states, therefore, are legally frivolous. *See Jackson v. Arizona*, 885

24    F.2d 639, 641 (9th Cir. 1989).  This rule applies equally to state agencies. *See Kaimowitz v.*

1  *Board of Trustees of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Johnson v. Rodriguez*,

2  943 F.2d 104, 108 (1st Cir. 1991).  A governmental agency that is an arm of the state is not a

3  "person" for purposes of § 1983  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v.*

4  *Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

5       Under the Prison Litigation Reform Act of 1995, the Court is required to screen

6  complaints brought by prisoners seeking relief against a governmental entity or officer or

7  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint

8  or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

9  fail to state a claim upon which relief may be granted, or that seek monetary relief from a

10  defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See*

11  *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).  A complaint is legally frivolous when it

12  lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v.*

13  *Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  A complaint or portion thereof, will be

14  dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual

15  allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that

16  all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct.

17  1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a

18  claim for relief that is plausible on the face of the complaint will subject that complaint to

19  dismissal.  *Id.* at 1974.

20       To state a claim against a person, plaintiff must specifically identify as each person being

21  sued.  He must also allege facts showing that the person was acting under color of state law and

22  that their conduct deprived plaintiff of rights, privileges or immunities secured by the

23  Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled

24

1    in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986).  Plaintiff must

2    allege facts that show that the conduct of defendant deprived plaintiff of a right.  *See Mt. Healthy*

3    *City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d

4    1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875 (1980).  When a plaintiff fails to allege

5    or establish one of these elements, his complaint must be dismissed.  That plaintiff may have

6    suffered harm, even if due to another's negligent conduct does not in itself necessarily

7    demonstrate an abridgment of constitutional protections.  *Davidson v. Cannon*, 474 U.S. 344

8    (1986).  Vague and conclusory allegations of official participation in civil rights violations are

9    not sufficient to withstand a motion to dismiss.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

10   1992).

11          Causation and personal participation are closely related concepts.  In order to state a

12   claim against a defendant under 42 U.S.C. §1983, a plaintiff must allege facts showing that the

13   particular defendant has caused or personally participated in causing the deprivation of a

14   particular protected constitutional right.  *Arnold v. International Business Machines Corp.*, 637

15   F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).  To be

16   liable for "causing" the deprivation of a constitutional right, the particular defendant must

17   commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and

18   the conduct must cause plaintiff's deprivation.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.

19   1978).

20          The inquiry into causation must be individualized and focus on the duties and

21   responsibilities of each individual defendant whose acts or omissions are alleged to have caused

22   a constitutional deprivation.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Rizzo v.*

23   *Goode*, 423 U.S. 362, 370-71, 375-77 (1976).  Sweeping conclusory allegations against an

24

1    official are insufficient to state a claim for relief.  Plaintiff must set forth specific facts showing a

2    causal connection between each defendant's actions and the harm allegedly suffered by plaintiff.

3    *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Rizzo*, 423 U.S. at 371.

4            The Court orders plaintiff to file an amended complaint naming a proper defendant and

5    setting forth facts that state a cause of action against the named defendants.  The Amended

6    Complaint will act as a complete substitute for the original and not as a supplement.  The

7    Amended Complaint must be filed on or before **August 8, 2014**.  Plaintiff's failure to file an

8    amended complaint or failure to cure the defects in the original complaint will result in a Report

9    and Recommendation that this action be dismissed.

10           **DATED** this 7th day of July, 2014.

11

12                                                    J. Richard Creatura
                                                      United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO FILE AN AMENDED COMPLAINT -
4